## DIAL v. AGNEW.

1. Action on notes held by a partnership should be in the name of the survivor or (he being dead) of his legal representative. The administrator of the partner who first died is not a necessary party.
2. The sale of a mortgaged chattel by the mortgagee after condition broken does not extinguish the debt, if the proceeds of sale are insufficient; the mortgagor is liable to the mortgagee for the deficiency.
3. Error cannot be assigned to a refusal to charge that which was not requested.
4. In action to recover on notes given by a married woman, the judge charged the jury that as to her separate estate she has all the rights to contract that a grown man would have. *Held*, no error.
5. The Circuit Judge having instructed the jury as to the law by which they were to be governed as recently expounded by the court of last resort, committed no error in intimating his own personal opinion in favor of a contrary construction.
6. This court will not consider alleged error in a charge upon a matter not affecting the case.
7. A married woman is liable for a debt contracted by her in making a purchase for the benefit of her own separate estate.
8. Whether there was sufficient evidence to sustain a verdict, and whether the Circuit Judge erred in refusing to grant a new trial moved for upon this ground, cannot be considered by this court.
9. An exception not considered because couched in terms too general.

Before WALLACE, J., Richland, July, 1887.

This was an action by Arianna L. Dial, as executrix, against Jennie Agnew, commenced February 11, 1887. The charge of the judge to the jury was as follows:

This is an action upon some notes signed by a woman who was married at the time of the execution of the papers. We have a statute which declares that a married woman may contract and be contracted with as to her separate property as if she were unmarried. As to her separate property she has all the rights to contract that a grown man of twenty-one years of age would have.

It is my duty to charge you the law as it is declared to be by our Supreme Court, without reference to my own personal opinion in regard to the matter. Our Supreme Court have held in

construing that statute substantially and briefly this: that at common law a married woman could not make a contract that would bind her and be enforced in this court. They have held that her power of making a contract has been enlarged by the statute that I have just quoted to you, but that her increased power of contracting is governed and limited by the statute referred to; that she has no power to make joint contracts; if she undertakes to make such contract, it will not be enforced in this court. She is incapable of making such contract, but that she can under that statute make a contract for the benefit of her separate estate, or a contract relating to her separate estate, and that only contracts of that nature bind her or will be enforced by the courts of the State.

In order that it may be made plain, I will repeat that she only has the power to make, and is only bound by, such contracts as are for the benefit of her separate estate; as, for instance, if she owned real property—owned houses, and hired a man to cover her house, put a new roof on it, she would be bound by such contract as that, for it was for the benefit of her estate. Or suppose she owned a plantation and bought a mule with which to cultivate part of it, and the mule should die before ever reaching her premises, she would be bound by such contract as that, because the contract, while not actually for the benefit of her estate, related to her separate estate. She cannot become liable as surety upon anybody else's note; she cannot bind herself by executing a mortgage of her property to secure somebody else's debts.

She can buy property if the article or property purchased was intended to become her separate estate, because that would be a contract for the benefit of or relating to her separate estate. The statute says she may purchase property. She may buy land and pay part of the purchase price, and give her obligation for the balance, if the purchase is for the benefit of or for the creation of a separate estate. But if she buys property and executes an obligation for the payment of the purchase money when that property is not intended to become part of her separate estate, but is a roundabout way of assuming an obligation for the benefit of somebody else, then you see, under the principle I have stated to you, she is not bound by such contracts and they will not be

enforced, because the Supreme Court declares that she has no power to make such contract.

In the case before you, you are to say whether or not in the purchase of this engine, or whether in the execution of this note for the purchase money, or part of it, she undertook to create a separate estate. If she did, under the principle I have stated, she is bound to pay for it. If the transaction was a roundabout way of assuming liability upon the part of Mrs. Agnew for the benefit of her husband, she is not bound; it is not such a contract as she can make. Under the decision of the Supreme Court you are to decide the matter of fact. Intention is always as matter of fact to be passed upon by the jury.

If you are satisfied by the preponderance of evidence that that note was executed for the benefit of her separate estate, she is liable; if it was for the benefit of somebody else, she is not liable; if she is liable, you will find for the plaintiff the amount of the note and interest; if she is not liable, you will find for the defendant.

Defendant moved for a new trial upon the grounds: "1. Because the verdict was without evidence to support it. 2. Because it was against the evidence. 3. Because it was against the manifest weight of the evidence. 4. Because the contract sued on is one not allowed by the laws of this State, and will not be enforced by the courts of this State." This motion was refused.

Defendant appealed upon the following exceptions:

1. Defendant excepts, because his honor, Judge Norton, erred in overruling the defendant's demurrer in this action.

2. Because his honor, Judge Wallace, refused to charge the jury that it was incumbent upon the plaintiff to allege and to prove affirmatively that the alleged contract was made touching, concerning, or for the benefit of the separate estate of the defendant, a married woman; and that if the plaintiff had failed to do so, she was not entitled to recover.

3. Because his honor refused to hold, upon the conclusion of the plaintiff's evidence, that the defendant was entitled to judgment because the plaintiff had failed to allege or prove that said alleged contract was for the benefit of the separate estate of the defendant.

4. Because his honor charged the jury, and erred in so charging, that a married woman, "as to her separate property, she has all the rights to contract that a grown man of twenty-one years of age would have."

5. Because his honor expressed his personal opinion of the statute and its interpretation by the Supreme Court in his charge to the jury.

6. Because he erred in stating to the jury in his charge the interpretation of the said statute by the Supreme Court.

7. Because his honor erred in charging the jury that "In the case before you, you are to say whether or not in the purchase of this engine, or whether in the execution of this note for the purchase money or part of it, she undertook to create a separate estate. If she did, under the principle I have stated, she is bound to pay for it;" when it is respectfully submitted that this is contrary to the law of the case, and unsupported by any evidence.

8. Because his honor charged, and erred in so charging, the jury, that: "If you are satisfied by the preponderance of evidence that that note was executed for the benefit of her (Mrs. Agnew's) separate estate, she is liable.".

9. Because said charge was otherwise contrary to the law of the case and unsupported by the evidence.

10. Because his honor erred in overruling defendant's motion for a new trial.

*Mr. John Bauskett*, for appellant.

*Messrs. Lyles & Haynsworth*, contra.

April 7, 1888.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiff brings this action to recover the balance due on three notes, given to said George L. Dial, surviving partner of the firm of Tozer & Dial, by the defendant to secure the payment of the purchase money of an engine sold to defendant.   The complaint is in the usual form for an action on notes, and contains the further allegation that the payment of the said notes was secured by a mortgage on the

engine executed by the defendant to the said George L. Dial, as survivor as aforesaid, under which it is alleged that, upon default in the payments of the notes, the engine was seized and sold by the plaintiff as executrix as aforesaid, and the net proceeds of such sale applied to the notes, leaving the balance sued for unpaid.

To this complaint the defendant demurred upon two grounds: "1st. That there is a defect of parties plaintiff in the omission of the executor, administrator, or legal representative of Tozer, the partner of Dial, deceased. 2nd. That the complaint does not state facts sufficient to constitute a cause of action." This demurrer was overruled by Judge Norton, giving leave to the defendant to answer in ten days, upon payment of the costs of the demurrer.

The defendant filed her answer, saying, 1st. That at the time of the execution of the said notes she was and still is a married woman. 2nd. "That at the request of her husband, John Agnew, who was the purchaser of the engine for which said notes and mortgage were given, she executed the said notes and mortgage, and that said mortgage for said purchase money has been foreclosed by plaintiff, and the said engine sold under said foreclosure sale, and defendant has no separate estate." 3rd. That defendant is informed and believes that, under the laws of this State, the notes sued on are null and void.

The case came on for trial before Judge Wallace and a jury, when the plaintiff offered the notes in evidence accompanied with the statement that, "All of them were given for the purchase of a twelve-horse engine from Tozer & Dial, sold by Mr. Dial, surviving partner of Tozer & Dial, to Mrs. Agnew." The defendant then offered testimony tending to show that she was not really the purchaser of the engine, but that her husband was, and that she had no separate estate. This testimony, as to who was the real purchaser, was objected to by plaintiff upon the ground that as there was a distinct allegation in the complaint that defendant was the purchaser, and as this allegation was not denied in the answer, it must be taken to be true, and hence the testimony to disprove this allegation could not properly be received. The objection was, however, overruled and the plaintiff excepted. The

charge of the Circuit Judge to the jury seems to be set out in full in the "Case," and we will hereafter refer to such portions of it as are excepted to.

The jury found a verdict for the plaintiff, and defendant's motion for a new trial having been refused, she appealed upon the grounds set out in the record. The first ground imputes error to Judge Norton in overruling the demurrer. It seems to us very clear that the demurrer could not have been sustained upon the first ground, defect of parties. When a partnership is dissolved by the death of one of the copartners, the survivor becomes the legal owner of the assets of the partnership, and as such is fully invested with authority to take charge of the assets and collect in all choses in action belonging to the partnership, in order that they may be applied, first, to the payment of the partnership debts, and the remainder, if any, divided amongst the parties beneficially entitled thereto according to their respective rights. The representatives of the deceased partner are not necessary parties to an action brought on a chose in action belonging to the partnership, but it should be brought by the survivor alone. The demurrer could not therefore have been sustained on the first ground.

As to the second ground of demurrer, it is not very clear in what respect the complaint is supposed to be deficient in stating a cause of action. As we have stated, the complaint is in the ordinary form for an action on a note, and we do not see that any allegation necessary in such an action has been omitted. We infer, however, from the argument of counsel for appellant that the ground upon which he relies is that, inasmuch as it appears in the complaint that the notes given for the engine were secured by a mortgage of the engine, which mortgage has been foreclosed, the debt is thereby extinguished. For this novel proposition no authority has been cited, and we will venture to say that none can be found. A mortgage of a chattel is a mere security for the payment of the debt intended to be secured, and the transfer of the legal title to the mortgagee is merely for the purpose of effecting that end, and not for the purpose of effecting an absolute sale. Hence the transfer of the legal title cannot operate as an extinguishment of the debt, but simply as

affording a ready and inexpensive mode of applying the property mortgaged to the purpose for which it was pledged, by a sale of the same, and the application of the proceeds of such sale to the payment of the debt, with a liability on the part of the mortgagee to account to the mortgagor for any excess of the proceeds of the sale, and a liability on the part of the mortgagor to make good any deficiency. This is precisely what was done in this case. The mortgagee sold the property mortgaged, and applied the proceeds to the debt represented by the notes, and is now only claiming judgment for the deficiency. We think it clear, therefore, that there was no error in overruling the demurrer.

The second and third grounds of appeal impute error to Judge Wallace in refusing to charge, and in refusing to hold, certain legal propositions therein stated; but as there is nothing in the "Case" to show that any requests were submitted so to charge, or so to hold, we cannot, under the well settled practice of this court, consider these grounds.

The fourth ground imputes error to the Circuit Judge in using this language, in reference to the power of a married woman to contract, viz.: "As to her separate property, she has all the rights to contract that a grown man of twenty-one years of age would have." In this we see no error. The jury were not told that a married woman has the same power to contract as a person who has attained majority, but were, in effect, told precisely what the statute declares, that, *as to her separate property*, she has the same right to contract "as if she were unmarried," or using the judge's language, as "a grown man of twenty-one years of age would have."

The fifth ground charges the Circuit Judge with error "in expressing his personal opinion" as to the proper interpretation of the statute in reference to the power of a married woman to contract, and in the interpretation of such statute by the Supreme Court. The *gravamen* of this objection is, that Judge Wallace intimated to the jury that he did not concur in the construction placed upon the statute by the Supreme Court. His honor's language upon this point was as follows: "It is my duty to charge you the law as it is declared to be by our Supreme Court, without reference to my own personal opinion in regard to the

matter," and then proceeded to lay down the law as decided by the Supreme Court, correctly except, perhaps, in one unimportant particular, not material to the present inquiry. Now, although Judge Wallace did not, in terms, express "his personal opinion of the statute" as being different from that entertained by a majority of the Supreme Court, yet as he plainly intimated as much, we will consider the question as if he had in terms expressed his own opinion. We know of no law which requires a Circuit Judge, or indeed anyone else, to abandon his own private opinion as to the proper construction of a statute, even after it has received a different construction from the Supreme Court, provided he conforms his actions to the law as it is declared by the tribunal invested with authority for that purpose. Nor do we know of any law forbidding him from intimating or even expressing such opinion so long as he does not allow his private opinion to influence his action. We cannot say, therefore, that there was any error of law on the part of Judge Wallace in intimating to the jury that he entertained a different opinion as to the construction of the statute from that declared by the tribunal of last resort to be the proper construction, when we find that he expressly instructed the jury that it was his duty to lay down the law as declared by the Supreme Court, by which they were to be governed.

The sixth ground of appeal is couched in such general terms that, but for the argument of appellant's counsel, we would be unable to discover what was the particular error there charged. It seems, from the argument, that the point here intended to be raised is, that there was error in instructing the jury that a married woman had no power to make a *joint contract.* Inasmuch as there was no pretence of any joint contract in this case, the question whether there was any error in this part of the charge becomes wholly speculative, and need not, therefore, be considered.

The seventh and eighth grounds of appeal, which may be considered together, are as follows: 7th. "Because his honor erred in charging the jury that, 'In the case before you, you are to say whether or not in the purchase of this engine, or whether in the execution of this note for the purchase money or part of it, she

undertook to create a separate estate. If she did, under the principle I have stated, she is bound to pay for it'—when, it is submitted, that this is contrary to the law of the case, and unsupported by any evidence. 8th. Because his honor charged, and erred in so charging, the jury that: 'If you are satisfied, by the preponderance of evidence, that that note was executed for the benefit of her (Mrs. Agnew's) separate estate, she is liable.' "

Upon looking to the charge, as set out in the "Case," it will be seen that the judge, after laying down and illustrating the law as to the power of a married woman to make a contract as to her separate property, and her power to purchase property and execute obligations for the purchase money in terms to which no exception is taken, used the language extracted in these two exceptions; but in both instances the language extracted is followed by other qualifying or cautionary words, by which the jury were fully informed that the defendant could not be held liable, if the purchase was made for the benefit of some one else. In the seventh exception the words extracted should be followed by these words : "If the transaction was a roundabout way of assuming liability upon the part of Mrs. Agnew for the benefit of her husband, she is not bound." In the eighth exception the words extracted should be followed by these words : "If it was for the benefit of somebody else, she is not liable." To the law thus laid down there certainly can be no valid exception. From the argument of appellant's counsel, however, we infer that his complaint in these exceptions is not so much against the law laid down as upon the absence of any evidence calling for the announcement of such legal propositions. The jury seem to have supposed that there was evidence upon these points sufficient to satisfy them that Mrs. Agnew was the purchaser of the engine, for in no other way could they have rendered the verdict which they did under the charge of the judge. Whether there was sufficient evidence to warrant such a conclusion as the jury manifestly reached, is not a question for us.

The ninth exception is too general in its terms to call for any notice.

The tenth exception, that the judge erred in overruling defen-

dant's motion for a new trial, as has often been held, cannot be sustained.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.